# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-1775

NELDA J. BARGER , APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  May 24, 2002   )

*Stanley L. Taylor, Jr.*, of Biloxi, Mississippi, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Darryl A. Joe*, Acting Assistant General Counsel; and *Barbara J. Finsness*, all of Washington, D.C., were on the pleadings for the appellee.

Before KRAMER, *Chief Judge*, and IVERS and GREENE, *Judges*.

IVERS, *Judge*, filed the opinion of the Court.  KRAMER, *Chief Judge*, filed a dissenting opinion.

IVERS, *Judge*:  Before the Court is the appeal from an August 12, 1997, decision of the Board of Veterans' Appeals (BVA or Board) that determined that the appellant had not timely filed a request for a waiver of recovery of overpayment of improved death pension benefits.  Pursuant to 38 U.S.C. § 7252(a), the Court has jurisdiction to consider this appeal.  The Secretary has moved for the Court to strike an exhibit A, which is appended to the appellant's brief, because the exhibit was not in the record before the Board.  The Court will grant the Secretary's motion.  *See* 38 U.S.C. § 7252(b).  For the reasons set forth below, the Court will affirm the Board's August 1997 decision.

## I. FACTS

The appellant's husband, the veteran, served on active duty in the U.S. Army from June 1942 to January 1946, and he died on May 4, 1974. Record (R.) at 10, 13. The record on appeal includes evidence indicating that the appellant received VA pension benefits in the years following her husband's death. *See*, *e.g.*, R. at 16-47. In November 1988, the appellant informed VA that she was employed, and that her weekly income was $230. R. at 64. In a letter dated December 21, 1988, the VA regional office (RO) informed the appellant that it was suspending her pension benefits. R. at 66. The letter asked her to inform the RO as to when she began working, when she received her first paycheck, and the amount of her expected monthly income. R. at 66.

In letters dated March 1989, the appellant and her employer stated that the appellant had not worked since March 23, 1989, due to illness. R. at 68, 70. In May 1989, the RO sent a letter to the appellant explaining that her pension benefits could not be reinstated until she told the RO the date that she began working, the date that she received her first paycheck, and the amount of wages that she had received for the entire period of her employment. R. at 72. The letter said that her benefits would remain suspended until she submitted the information, and that her "benefits [would] be terminated retroactively to the first of [her] income reporting period or August 1, 1987" if she did not respond. *Id.*

The record does not contain evidence that the appellant responded. In a letter dated in June 1989, the RO notified the appellant that her death pension award monthly rate was $0, effective August 1, 1987, based on her countable earned annual income of $11,960. R. at 74. The letter informed the appellant that she had received an overpayment of benefits, and that she would be notified of the exact overpayment amount and of how she was to repay that amount. R. at 76.

In a letter dated June 4, 1990, the RO advised the appellant that the amount of the overpayment was $5,351. R. at 79. The letter explained, inter alia, that she had a right to request a waiver of the debt, and that a waiver request must be in writing and received within 180 days of the date of the notification letter. R. at 80. It also provided a toll-free telephone number for the appellant to call if she had any questions. R. at 79.

On August 19, 1991, the RO received the appellant's financial status report in which she stated that she could not pay back the money because she had a mental disorder that prevented her

from working. R. at 84-85. The RO construed the appellant's communication as a request for a waiver of her indebtedness, and informed her that her request was denied because it was not received within 180 days of the date of the letter notifying her of the overpayment. R. at 90-92.

In response to the notification of the denial of a waiver, the appellant filed a Notice of Disagreement, asserting that she could not work due to a mental disorder, and that she could not pay her debt to VA. R. at 94. The RO issued a Statement of the Case (SOC). R. at 100-03. In her Substantive Appeal, the appellant stated that she did not realize she was supposed to report her income. R. at 107.

The Board found that the SOC had not advised the appellant of pertinent laws and regulations, and remanded the matter. R. at 122-23. On remand, the RO completed additional development and issued a Supplemental SOC (SSOC). R. at 126-29. The SSOC showed that the amount of overpayment of pension benefits to the appellant had been reduced to $1,388. *Id*. The reduction was based on the withholding of pension benefits by VA, and on payments made by the appellant, from 1989 through 1991, totaling $450. R. at 128. The SSOC maintained the denial of the appellant's request for waiver of her indebtedness because the request had not been filed within the statutory time limit of 180 days. *Id*.

Following the RO's action on remand, the Board reviewed the appeal. The Board concluded that the law was dispositive in that the appellant had not filed her request for a waiver within the allowed 180-day period. R. at 5. The Board observed that the only exception to the 180-day filing requirement was non-receipt of a notice of overpayment; that no evidence suggested that the appellant had not received her notice of overpayment; and that she had not contended that she did not receive notice. *Id*. The Board determined that the preponderance of the evidence was against a finding that the appellant's request for waiver of her indebtedness to VA had been timely filed.

## II. ANALYSIS

In reviewing the Board's decision in this case, the Court is deciding whether the Board has properly interpreted a statute, that is, 38 U.S.C. § 5302(a). This appeal, therefore, involves a question of law. *See Smith (Claudus) v. Gober*, 14 Vet.App. 227, 230 (2000). The appeal also challenges the Board's factual findings, which the Court reviews under the "clearly erroneous"

standard, *see Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990), and prompts the Court to determine the meaning or applicability of the terms of an action of the Secretary under the "arbitrary and capricious" standard. *See* 38 U.S.C. § 7261(a); *McCullough v. Principi*, 15 Vet.App. 272 (2001) (per curiam).

The appellant has raised two challenges to the statute governing VA's recovery of payments or overpayments of VA benefits [hereinafter recovery]. The first challenge raises the issue of whether a request for waiver of recovery can be considered timely under 38 U.S.C. § 5302(a) when the request is not filed within the statutory time limit, and when the single exception permitting untimely filing has not arisen. The second challenge questions the adequacy of the Secretary's notification, which, according to the statute, must include notice that a payee has a right to apply for a waiver of recovery.

### A. Timely Filing of Request for Waiver of Recovery

With regard to the first issue, concerning timeliness of filing, the statute provides as follows:

> There shall be no recovery . . . whenever the Secretary determines that recovery would be against equity and good conscience, if an application for relief is made within 180 days from the date of notification of the indebtedness by the Secretary to the payee, or within such longer period as the Secretary determines is reasonable in a case in which the payee demonstrates to the satisfaction of the Secretary that such notification was not actually received by such payee within a reasonable period after such date.

38 U.S.C. § 5302(a). The implementing regulation for 38 U.S.C. § 5302(a) reads, in part, as follows:

> "The 180 day period may be extended if the individual requesting waiver demonstrated to the Chairperson of the Committee on Waivers and Compromises that, as a result of an error by either [VA] or the postal authorities, or due to other circumstances beyond the debtor's control, there was a delay in such individual's receipt of the notification of indebtedness beyond the time customarily required for mailing (including forwarding)."

38 C.F.R. § 1.963(b)(2). The regulation and the statute require that the appellant demonstrate that an error by VA or the postal service, or some other circumstance delayed her actual receipt of the June 1990 notice. See *McCullough*, *supra*.

The appellant argues that the record does not disclose exactly when she received the notice of indebtedness, a June 4, 1990, letter from the RO (R. at 79-80). She argues further that her mental illness must be considered as a factor in determining when she received the notice. The Board addressed these arguments as follows:

> The appellant and her representative have not contended that she did not receive the June 1990 notice. There is no evidence suggesting that there was non-receipt of the notice by the appellant. There is no exception provided where an appellant received such notice, but did not fully comprehend the meaning thereof. Nor is there any evidence to show that the appellant was incompetent, or otherwise incapable of handling her affairs.

R. at 5.

The Court holds that the Board's factual determinations that (1) the evidence did not demonstrate that the appellant did not receive the notice of her indebtedness, and (2) there was no evidence showing that the appellant was incompetent or otherwise incapable of handling her affairs were not "clearly erroneous." *See Gilbert*, *supra*; 38 U.S.C. § 7261(a)(4). The Board properly presumed that the appellant received the notice in the normal course absent a showing by the appellant that she did not. 38 U.S.C. § 5302(a) (payee must demonstrate to Secretary's satisfaction that notification was not actually received); *see McCullough,* 15 Vet.App. at 275 (holding that claimant's statement that "she did not recall receiving the notice of indebtedness" did not constitute "clear evidence" to rebut the presumption that notice was properly sent).

The appellant's assertion that mental illness must be considered as a factor in determining when notice was "actually received," pursuant to 38 U.S.C. § 5302(a), is not persuasive. The statute is clear. The Secretary has discretionary authority to extend the 180-day limit within which a request for waiver of recovery must be filed, if he is satisfied that the payee has demonstrated that notice was "not actually received" within a reasonable period after the date of the notice. As determined by the Board, "[t]here is no evidence suggesting that there was non-receipt of the notice by the appellant." R. at 5.

The Court reiterates that the Board's determination concerning the appellant's receipt of the notice of her indebtedness to VA was not "clearly erroneous." *See Gilbert*, *supra*; 38 U.S.C. § 7261(a)(4). The Court further holds that the Board's application of the statutory standard set forth

in 38 U.S.C. § 5302(a) was in accordance with the regulatory provisions of 38 C.F.R. § 1.963(b)(2), and was not "arbitrary and capricious." *McCullough*, 15 Vet.App. at 274-75.

### B. Statutory Notice of Right to Request Waiver of Recovery

The second issue raised by the appellant is that the June 1990 notice of indebtedness did not adequately identify her right to request a waiver of recovery. She argues that the statutory 180-day limit for filing a request for waiver is buried in an enclosure accompanying the notice letter, and is in typeface so small that the notice of a time limit is not clear and conspicuous. She asks the Court to "reopen the waiver period" based on the argument that she was not adequately notified of the time limit. Appellant's Brief at 9.

Although the Board did not address this argument, the Court will address it in the first instance. The argument concerns the issue on appeal, i.e., whether the Board properly determined that the appellant did not file a timely request for waiver of recovery of indebtedness. *See Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (Court may hear argument presented to it in the first instance when it has jurisdiction over issue to which argument is directed).

The statutory requirement for providing notice of the right to request a waiver reads as follows: "The Secretary shall include in the notification to the payee a statement of the right of the payee to submit an application for a waiver under this subsection and a description of the procedures for submitting the application." 38 U.S.C. § 5302(a).

A copy of the June 4, 1990, letter sent from the RO to the appellant, notifying her that she had received an overpayment of VA benefits, is in the record at pages 79 and 80. The size of the typeface for all of the textual information in the letter is the same. The letter contains three sections on the front page, each with a leading caption in all capital letters. The first section, captioned "NOTICE OF OVERPAYMENT," explains the overpayment amount, including advice that the overpayment is a debt owed by the addressee to the U. S. Government.

The second section is captioned "NOTICE OF RIGHTS" and reads as follows:

> You have the right to request a waiver of the debt and the right to an oral hearing on the waiver request. Waiver means that you will not have to pay the debt. A waiver can only be granted if you were not at fault in causing the debt or if any fault on your part is excusable, and if payment of the debt would cause a hardship. Your future benefit payments, if any, are subject to withholding unless you notify

6

> this office, in writing, within 30 days from the date of this letter that you wish to request a waiver. You may have an oral hearing in connection with your waiver request before a waiver decision is made if you request the hearing within the 30-day period. <u>Additional information concerning these rights is provided on the back of this letter. Please read it carefully.</u>

R. at 79 (emphasis in original). The back of the letter was copied as a separate page for the record on appeal. *See* R. at 80.

The back of the letter has six sections, each captioned as those on the front of the letter. *Id*. The third section on the back is captioned "RIGHT TO REQUEST WAIVER OF THE DEBT." The third paragraph of this section reads, in relevant part, as follows:

> If we do not receive your waiver request within 30 days, we will begin to withhold your future benefit payments as explained on the other side of this letter. If you do not request a waiver within 30 days, you may still do so at any time within 180 days[.]

*Id*. A note at the end of the first section on the back of the letter explains, in underlined text, that all periods of time for taking action set forth in the letter begin to run from the date on the front of the letter. Finally, the front of the letter includes the following: "<u>You may contact us at the following toll-free number [(phone number omitted)] if you have any questions concerning this letter or to make arrangements to repay your debt.</u>" R. at 79 (emphasis in original).

In light of the documentation of record, the Court holds that the Secretary has complied with the requirements of 38 U.S.C. § 5302(a) concerning the provision of notice of the right to request a waiver. *See Maggitt*, *supra*; 38 U.S.C. § 7261(a)(1) (Court shall decide all relevant questions of law, and determine meaning or applicability of the terms of an action of the Secretary). The appellant's arguments to the contrary are without merit.

## C. Miscellaneous

On April 26, 2001, the Secretary filed an unopposed motion seeking a remand of this matter pursuant to *Holliday v. Principi*, 14 Vet.App. 280 (2001). There is no indication that an issue relevant to that decision is before the Court. The statute at issue in this appeal is found in chapter 53 of title 38 of the U. S. Code, which concerns special provisions relating to VA benefits. The statute contains its own notice provisions, which, as the Court has held herein, the Board did not

7

misinterpret. The notice and duty-to-assist provisions of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), which the Secretary argues generally should require a remand of this matter, are relevant to a different chapter of title 38, and do not apply to this appeal. *See generally Smith (Claudus)*, *supra* (holding that VCAA did not affect issue of whether federal statute allowed payment of interest on past-due benefits).

Our dissenting colleague notes that the Secretary, on February 27, 2002, filed a letter with the Court, pursuant to U.S. Vet. App. R. 28(g), notifying the Court of additional authority related to this case. Contrary to the dissent's position, the letter did not "effectively" serve as a motion to withdraw the Secretary's April 26, 2001, motion for a VCAA remand. In fact, notice that is filed pursuant to Rule 28(g) cannot be so construed, because the rule prohibits argument regarding the additional authority cited within the notice. If the Court were to treat the Secretary's Rule 28(g) letter, as suggested by the dissent, as "effectively" withdrawing his motion for remand in favor of an earlier-filed motion for summary affirmance, the Court would be permitting argument by the Secretary that the additional authority cited in the letter supports affirmance rather than remand.

### III. CONCLUSION

Accordingly, upon consideration of the record and the pleadings filed for this appeal, and for the reasons stated herein, the Secretary's motion to strike is granted, and the August 12, 1997, BVA decision is AFFIRMED.

KRAMER, *Chief Judge*, dissenting: Because I believe that the Court should vacate the August 12, 1997, Board of Veterans' Appeals (Board or BVA) decision and remand the matter, I dissent.

Pursuant to 38 U.S.C. § 5302(a), an application for waiver of recovery of indebtedness must be made within 180 days after the date of notification of indebtedness, unless the payee demonstrates "that such notification was not *actually received* by such payee within a reasonable period after such date." *Id*. (emphasis added); *see also* 38 C.F.R. § 1.963 (2001). The pivotal issue in this case is whether, under 38 U.S.C. § 5302(a) and 38 C.F.R. § 1.963(b)(2), a payee, specifically the appellant, can obtain an extension of the 180-day period for filing a waiver of recovery request by showing that

notice of indebtedness was not "actually" received due to a mental condition that prevented full comprehension of that notice, i.e., whether actual receipt requires knowing receipt. The majority holds, in essence, that knowing receipt is not required and that mental illness is not a factor in determining actual receipt, yet the majority inexplicably affirms the Board's factual determination that the appellant was not incompetent or otherwise incapable of handling her own affairs, thus recognizing a need to determine whether the appellant's receipt here was a knowing one. *Ante* at __, slip op. at 5. More importantly, the majority's apparent holding that mental illness is not a factor to be considered in determining actual receipt, *ante* at __, slip op. at 5, is conclusory, lacking in any analysis as to the conclusion reached, and is not supported by citations to any authority. *See Splane v. West*, 216 F.3d 1058, 1068-69 (Fed. Cir. 2000) ("canons of construction . . . require us to give effect to the clear language of a statute and avoid rendering any portions meaningless or superfluous"); *Smith v. Brown*, 35 F.3d 1516, 1523 (Fed. Cir. 1994) ("'in expounding [on] a statute, we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law . . . .'" (citations omitted)).

With regard to Part II.B of the majority opinion, *ante* at __, slip op. at 6-7, which addresses the appellant's argument that the notice of indebtedness that she received was insufficient (by discussing the format of the notice of indebtedness provided to the appellant and the placement on that notice of information pertaining to waiver of recovery requests), I note that 38 U.S.C. § 5302(a) requires that the Secretary notify a debtor of "the right . . . to submit an application for a waiver . . . and a description of *the procedures for submitting the application*." 38 U.S.C. § 5302(a) (emphasis added). I believe that there may be a problem with the notice of indebtedness provided to the appellant (R. at 79-80) because it neither addresses how the 180-day period can be extended under 38 U.S.C. § 5302(a) and 38 C.F.R. § 1.963(b)(2), nor cites to these provisions. In this regard, the notice of indebtedness (R. at 80) provides only that "[i]f you do not request a waiver within 30 days, you may still do so at any time within 180 days, except for Loan Guaranty and Direct Loan debts for which there is no time limit for requesting waiver consideration." At a minimum, the majority should have addressed that possible deficiency. Moreover, the appellant also raises the argument regarding the sufficiency of that notice for the first time on appeal. Because a remand as to this argument would present the Secretary with the opportunity to "'self correct'" any deficiency in the

administrative process and thereby conserve judicial resources, the August 1997 decision should be vacated and the matter remanded for the BVA to address this argument in the first instance. *McCormick v. Gober*, 14 Vet.App. 39, 44 (2000) (quoting *Maggitt v. West,* 202 F.3d 1370, 1379 (Fed. Cir. 2000)).

With regard to Part II.C of the majority opinion, *ante* at __, slip op. at 7-8, which addresses the applicability of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), to chapter 53 of title 38 of the U.S. Code, the majority concludes, in essence, that the VCAA is inapplicable because the statutory provisions regarding the waiver of recovery of indebtedness themselves require that notice be provided to debtors, which thus implies that these waiver-notice provisions obviate the notice provisions of the VCAA. However, the notice provisions in the waiver-of-indebtedness statutory and regulatory provisions relate only to process, whereas the VCAA notice provisions require notice as to substantive matters, such as the type of evidence that is needed. VCAA § 3(a). Thus, the VCAA has notice requirements that appear to exceed the notice requirements in the waiver-of-indebtedness provisions.