Citation Nr: 1542414 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 13-00 305A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to basic eligibility for Post 9/11 GI Bill (Chapter 33) educational assistance benefits.


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. Edwards Andersen, Counsel



INTRODUCTION

The Veteran served in the Army National Guard from September 2006 to July 2009. During this time frame, he had active duty for training (ACDUTRA) service from September 2006 to March 2007.

The Board notes that the Veteran was denied eligibility for Chapter 33 benefits in a March 2011 decision. A notice of disagreement was received in April 2011. The Veteran was then erroneously informed that he was eligible for Chapter 33 benefits in an April 2011 decision. The RO notified the Veteran in a September 2011 decision that he was mistakenly granted entitlement to Chapter 33 benefits as a result of an administrative error and his eligibility was terminated. A notice of disagreement was received in September 2011; a statement of the case was issued in October 2012 and a VA Form 9 was received in January 2013.

In February 2015, the Board remanded this claim to schedule a hearing. The requested hearing was conducted in July 2015 by the undersigned Veterans Law Judge. A transcript is associated with the claims file.

The Board notes that this appeal originally included entitlement to basic eligibility for Chapter 1606 educational assistance benefits; however, these benefits have been reinstated and, therefore, are no longer on appeal. See March 2015 letter to Veteran.

In addition to the paper claims file, there are additional documents in Virtual VA and the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.




 (CONTINUED ON NEXT PAGE)


FINDINGS OF FACT

1. The Veteran served in the Army National Guard from September 2006 to July 2009, with a period of ACDUTRA from September 2006 to March 2007.

2. The Veteran did not have any period of active duty service.


CONCLUSION OF LAW

The Veteran is not eligible for Post-9/11 GI Bill (Chapter 33) educational assistance benefits. 38 U.S.C.A. § 101(2), (22)(A), (24)(B), 3002, 3301, 3311, 12103 (West 2014); 38 C.F.R. § 21.9500, 21.9505, 21.9520 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The VCAA is not applicable where the outcome is controlled by the law, and the facts are not in dispute. Livesay v. Principi, 15 Vet App 165, 178 (2001); Smith v. Gober, 14 Vet. App. 227, 231-32 (2000). 

In the instant case, the law and not the facts are controlling. In other words, even if all of the Veteran's contentions were accepted, he could still not prevail on his claim. Further, the United States Court of Appeals for Veterans Claims (Court) has held that VCAA notification procedures do not apply in cases where the applicable chapter of Title 38, United States Code contains its own notice provisions. See Barger v. Principi, 16 Vet. App. 132, 138 (2002) (VCAA notice was not required in case involving a waiver request). In the present case, specific VCAA notice was not required because education benefit claim notice is covered in 38 C.F.R. § 21.1031 (2015). See 38 C.F.R. § 21.9510 (2015). 

As explained in the Federal Register, substantiating eligibility under one of the various educational assistance programs VA administers generally requires only proof of military service and the notice and assistance provisions of 38 C.F.R. §§ 21.1031, 21.1032 apply as opposed to those provisions for compensation and other VA claims. 72 Fed. Reg. 16,962 (Apr. 5, 2007). Basic requirements, however, are also substantially similar to those used in the compensation claims; VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. See 38 U.S.C.A. § 5103; Cf. Quartuccio v. Principi, 16 Vet. App. 183, 186 (2002). 

For education benefits claims, VA is to provide forms and notify claimants of necessary information or evidence except when a claim cannot be substantiated because there is no legal basis for the claim or undisputed facts render the claimant ineligible for the claimed benefit. See 38 C.F.R. § 21.1031(b)(1). 

Here, on the Veteran's application for VA benefits, he acknowledged that he had received information on VA education benefits via a pamphlet. In October 2012, the Veteran was sent a statement of the case with the provisions of 38 C.F.R. § 21.9520 that outline basic eligibility, a discussion of the facts of the claim, notification of the basis of the decision, and a summary of the evidence used to reach that decision. 

Based upon the foregoing, the Board finds that the Veteran was fully advised of the evidence needed to substantiate his claim and that all relevant evidence necessary for an equitable disposition of his appeal has been obtained. The evidence shows the Veteran knew what was needed to substantiate the claim, what evidence should provide and what evidence VA would undertake to obtain. The Board finds no prejudice in delayed notice and that no such issue has been raised. Shinseki v. Sanders, 556 U.S. 396, 408-409 (2009) (the burden is on the Appellant to show that a notice error is harmful). 

Regarding the duty to assist, there is no indication of outstanding records, and an examination is not required to decide this claim. Service department confirmation of the type and periods of service is in the file. 

Further, during the July 2015 hearing, the undersigned Veterans Law Judge explained the elements of the claim, asked questions to obtain relevant information, and summarized the Veteran's arguments. The Veteran has not argued that VA failed to comply with the duties as set forth in 38 C.F.R. 3.103(c)(2), or identified any prejudice as a result of the hearing. VA has substantially complied with such duties, consistent with Bryant v. Shinseki, 23 Vet. App. 488 (2010). There is no indication or argument that any notification deficiencies resulted in prejudice or otherwise affected the essential fairness of the proceedings. Rather, the Veteran has had a meaningful opportunity to participate in the adjudication. See Sanders v. Nicholson, 487 F.3d 881 (Fed. Cir. 2007). 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome here, the Board finds that any such failure is harmless. 

II. Entitlement to Basic Eligibility for Post 9/11 GI Bill (Chapter 33) Educational Assistance Benefits

The educational assistance program under Chapter 33 (or the post-9/11 GI Bill) was established for "individuals who served on active duty after September 10, 2001" and was made effective in August 2009. 38 C.F.R. § 21.9500. 

Here, the Veteran served in the Army National Guard from September 2006 to July 2009, with a period of ACDUTRA from September 2006 to March 2007. He was released from service after injuring his left knee. As discussed in further detail below, his basic eligibility for Chapter 33 benefits turns on whether he served on "active duty."

In pertinent part, eligibility for educational assistance under Chapter 33 based on active duty service after September 10, 2001, may be established in two ways. 

First, the individual must have served a minimum of 90 aggregate days of active duty (excluding active duty for entry level and skill training) and, after completion of such service: (1) continued on active duty; (2) was discharged from service with an honorable discharge; (3) was released from service characterized as honorable and placed on the retired list, temporary disability retired list, or transferred to the Fleet Reserve or the Fleet Marine Corps Reserve; (4) was released from service characterized as honorable for further service in a reserve component; or (5) was discharged or released from service for a medical condition that preexisted such service and is not determined to be service-connected; hardship, as determined by the Secretary of the military department concerned; or a physical or mental condition that interfered with the individual's performance of duty but was not characterized as a disability and did not result from the individual's own misconduct. 38 U.S.C.A. § 3311(b)(8); 38 C.F.R. § 21.9520(a).

Alternatively, the individual must have served a minimum of 30 continuous days on active duty and, after completion of such service, was discharged or released from active duty under other than dishonorable conditions due to a service-connected disability. 38 U.S.C.A. § 3311(b)(2); 38 C.F.R. § 21.9520(b).

The Veteran contends that he is entitled to Chapter 33 educational assistance benefits because he had 30 days of continuous service on active duty, and he was discharged due to his service-connected left knee disability. 

The Veteran enlisted in the Army National Guard of Missouri in September 2006, and he began active duty for training until March 2007. See Certificate or Release from Active Duty (DD Form 214). In February 2007, the Veteran sustained an injury to the left knee, which was incurred in the line of duty. See September 2008 Memorandum.

A September 2009 Order indicates that the Veteran was discharged from the Army National Guard and as a reserve of the Army, effective July 2009 because he was medically unfit for retention standards.

Thereafter, the Veteran was granted service connection for his left knee disability with a 10 percent disability rating, effective March 2011.

The Board notes that, as he was disabled by an injury incurred during ACDUTRA, for which he has been awarded VA compensation, the claimant meets the statutory definition of a "Veteran" as defined in 38 U.S.C.A. §§ 101(2), (22)(A), (24)(B).

Nevertheless, the Veteran is not eligible for educational assistance benefits under Chapter 33 because the period of service at issue did not qualify as "active duty."

For the purposes of establishing Chapter 33 eligibility, in the case of a member of the reserve components of the Armed Forces, "active duty" means service under a call or order to active duty under 10 U.S.C. 688, 12301(a), 12301(d), 12301(g), 12302, or 12304. See 38 U.S.C.A. § 3301(1)(B); 38 C.F.R. § 21.9505. 

Active duty for these purposes does not include full-time National Guard duty performed under 32 U.S.C. orders; or any period during which the individual served under the provisions of 10 U.S.C. § 12103(d) pursuant to an enlistment in the Army National Guard. 38 U.S.C.A. §§ 3301(1), 3002(6); 38 C.F.R. § 21.9505(1),(2)(iii). 

Under 10 U.S.C. § 12103(d), a non-prior-service person who is qualified for induction for active duty in an armed force, and who is not under orders to report for induction under the Military Selective Service Act, may enlist in the Army National Guard for a term of not less than six years nor more than eight years. Each person enlisted under this provision shall perform an initial period of active duty for training of not less than twelve weeks. 10 U.S.C.A. § 12103(d).

In this case, the Veteran's military service after September 10, 2001, consists of one period of ACDUTRA from September 2006 to March 2007 (during which time he injured his knee) in the Army National Guard. This period of service was not under a call or order to active duty under 10 U.S.C.A. §§ 688, 12301(a), 12301(d), 12301(g), 12302, or 12304. 

Rather, this period of service appears to have been the Veteran's initial period of active duty for training after enlistment in the Army National Guard under the provisions of 10 U.S.C.A. § 12103(d). 

This period of initial active duty training after enlistment in the Army National Guard is specifically excluded as "active duty" for Chapter 33 purposes. See 38 U.S.C.A. §§ 3301(1), 3002(6); 38 C.F.R. § 21.9505(1),(2)(iii). 

Moreover, this period of service was for basic combat training, which constitutes entry-level training, and is specifically excluded from qualifying active duty service for calculating the length of aggregate service for Chapter 33 benefits. See 38 U.S.C.A. §§ 3301(2)(A), 3311(b)(8); 38 C.F.R. §§ 21.9505, 21.9520.

The Veteran himself has not asserted that he served on active duty at any time during his period of service. In fact, the Veteran testified during the July 2015 Board Hearing that although he served on ACDUTRA, he believes he should be entitled to education benefits because he sustained a disability while on line of duty during his period of ACDUTRA. See July 2015 BVA Hearing Transcript, page 6.

The Board is sympathetic to the Veteran's claim; however, educational assistance benefits under Chapter 33 are prefaced on specific and unambiguous legal requirements, which have not been met. The Board has no authority to grant claims on an equitable basis and, instead, is constrained to follow the specific provisions of law. See 38 U.S.C.A. § 7104; Taylor v. West, 11 Vet. App. 436, 440-41 (1998). 

In view of the foregoing discussion, the Board finds that the Veteran lacks qualifying service to be eligible for Post-9/11 GI Bill educational assistance benefits under Chapter 33. The legal criteria in this case are clear. As a result, the claim is denied as a matter of law.


ORDER

Entitlement to basic eligibility for receiving educational assistance benefits under the Post-9/11 GI Bill Program is denied.



____________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs