George C. MINDENHALL, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–56.

United States Court of Veterans Appeals.

Dec. 20, 1994.

Theresa A. Pickner, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, David W. Engel, Deputy Asst. Gen. Counsel, and Leonard J. Selfon, Washington, DC, were on the brief, for appellee.

Before KRAMER, HOLDAWAY, and IVERS, Judges.

IVERS, Judge:

George C. Mindenhall, through counsel, appeals from a January 19, 1993, Board of Veterans' Appeals (BVA or Board) decision which denied his claim for an earlier effective date for the grant of a permanent and total disability rating, and special monthly pension for aid and attendance. *George C. Mindenhall,* BVA 93–01132 (Jan. 19, 1993). The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). The Court finds that a plausible basis exists in the record for the Board's decision and that the decision is thus not clearly erroneous. Accordingly, we affirm the decision.

## I. FACTS

The appellant served in the United States military from January 1963 to August 1966 with a tour of duty in the Republic of Vietnam. Record (R.) at 20. In February 1980 the appellant applied for both VA non-service-connected pension benefits and Supplemental Security Income (SSI) benefits after injuring his left ankle. R. at 23, 31. The Regional Office (RO) obtained medical records from the appellant's private physician, Dr. Walter Robinson, Jr. R. at 35, 40–42. Dr. Robinson wrote a letter dated April 11, 1980, to the Social Security Administration (SSA) stating that the appellant would "be unable to return to his previous line of work prior to October 1, 1980." R. at 52. In May 1980 the RO denied the pension claim because the evidence did not show that the appellant was permanently disabled. R. at 55. The appellant was informed by letter dated July 9, 1980. R. at 57. The letter included a notice of his procedural and appellate rights. R. at 58. The appellant contends that he never received the letter informing him of the denial. R. at 167.

In December 1990 the appellant again applied for VA pension benefits. R. at 60. He reported SSI disability income in the amount of $700.00 per month. R. at 71. He requested retroactive payment because he had had rheumatoid arthritis since 1979. *Id.* The RO requested his treatment records. R. at 89, 90. Medical records forwarded from Kaiser Permanente Hospital indicated that the appellant had had rheumatoid arthritis since 1979. R. at 94–101. The appellant was provided a VA physical examination and Dr. Gerald Katz diagnosed the appellant with severe rheumatoid arthritis. R. at 108. The RO found that the appellant was entitled to a special monthly pension due to his need for regular aid and attendance effective December 3, 1990. R. at 121. However, the RO denied any retroactive payment on the basis that the evidence of record did not show that the appellant had been precluded from filing an application for a pension for a period of at

least thirty consecutive days within the past year. *Id.* The appellant filed a Notice of Disagreement (NOD) with regard to the denial for retroactive payments, stating that throughout 1990 he received extensive treatments and was hospitalized. R. at 126, 129, 132, 145. In order to verify his claim, he requested that VA obtain his complete medical records. R. at 145. A Statement of the Case was issued. R. at 162. He appealed to the BVA, and on his Form 1–9 the appellant argued that he had never been notified of the July 1980 denial and that he certainly would have appealed if he had known. R. at 167. He further stated that he had been totally incapacitated since 1988 and requested that VA obtain his medical records from Kaiser dating back to 1979. R. at 168. VA obtained the records from 1990–91. R. at 175–200.

On July 30, 1991, VA conducted a hearing and the appellant testified that the SSA required him to file for VA benefits, that he did not pursue a claim with VA because he thought that his VA benefits would be included with his SSA benefits, that he was hospitalized in 1979–1981 on numerous occasions, and that he was informed by his attorney that the SSA would take care of his VA benefits. R. at 203–16. He also testified that in 1990 he had three operations, that he was hospitalized for about a week each time, and that a nurse came to his house to take care of the ankle. R. at 210–12. The hearing officer held that clear and unmistakable error (CUE) did not exist in the May 1980 decision, and denied the claim for retroactive benefits because the appellant was not incapacitated for a period of 30 consecutive days during the year preceding his December 1990 application and rendered unable to file a claim for an earlier effective date. R. at 217–18. In a November 1991 BVA decision the claim was denied. R. at 229. The appellant appealed to this Court and in October 1992 the case was remanded with instructions to obtain the 1980 SSA decision and complete medical records. R. at 234, 3 Vet. App. 563. The appellant submitted copies of the SSA decision and his medical records. R. at 240–728. The SSA decision indicated that the appellant had been found disabled as of July 17, 1979. R. at 241. On January 19, 1993, the BVA denied entitlement to an effec-

tive date earlier than December 3, 1990, for the grant of a permanent and total disability rating for pension purposes, and special monthly pension for aid and attendance, stating:

> Since it is clear in retrospect that, on the basis of evidence received by VA after December 3, 1990, the veteran became permanently and totally disabled for pension purposes long before a year prior to the receipt of the December 3, 1990, reopened claim, the provisions for retroactivity of the pension award prior to December 3, 1990, under 38 C.F.R. § 3.400(b)(1)(ii)(B) do not apply.

*Mindenhall,* BVA 93–01132, at 10. In addition, the BVA held that the May 1980 RO decision did not contain CUE and that the appellant was properly notified of the decision and did not appeal, making that decision final. *Id.* at 3–4. As to the appellant's argument that his condition had prevented him from filing an appeal to the 1980 decision, the BVA found that no good cause was shown to extend the time limit for filing an NOD. *Id.* at 6, 9. The appellant filed a timely appeal with this Court.

## II. ANALYSIS

The issue before the BVA was whether the veteran was entitled "to an earlier effective date for the grant of a permanent and total disability rating for pension purposes and special monthly pension on account of the need for the regular aid and attendance of another person, prior to December 3, 1990." R. at 5. However, in "POINT I" of his appellate brief, the appellant's counsel argues that there is new and material evidence, that the BVA failed in their duty to assist, and that the BVA failed to apply "both 38 C.F.R. § 4.10 (1991) and 38 C.F.R. § 4.15 (1991) [sic] to his claim because the Board failed to address the effect of the disability on the veteran's daily activities or the [e]ffect the same disability would have on the average person's ability to follow substantial gainful employment." Appellant's brief at 9–13. In "POINT II" of the brief, the appellant argues that he did not receive the RO's decision dated July 9, 1980, and that had he received the decision, he would have exer-

cised his appellate rights. Appellant's brief at 13. Although it is obscure in the appellant's statement of the issues, the issue that the appellant argues in the brief is whether he is entitled to an earlier effective date for VA benefits. The Secretary argues that a plausible basis exists in the record for the Board's findings and conclusions, and that the decision is thus not clearly erroneous. Appellee's brief at 1, 15.

## A. Finality of the 1980 RO Decision

Pursuant to 38 U.S.C. § 7105 an NOD initiates appellate review which is completed by a substantive appeal after a Statement of the Case is issued. 38 U.S.C. § 7105(a). The NOD must be in writing and filed within one year "from the date of mailing of notice of the result of initial review or determination." 38 U.S.C. § 7105(b)(1); see 38 C.F.R. §§ 20.200, 20.201, 20.302(a) (1993) ("The date of mailing the letter of notification of the determination will be presumed to be the same as the date of that letter for purposes of determining whether an appeal has been timely filed."). See Rowell v. Principi, 4 Vet.App. 9, 17 (1993); Cuevas v. Principi, 3 Vet.App. 542, 546 (1992) (where claimant did not perfect appeal by timely filing substantive appeal, RO rating decision became final). The agency of original jurisdiction must provide, along with the mailing of the decision, a notification to the appellant of his or her procedural due process and appellate rights. 38 U.S.C. § 7105, 38 C.F.R. §§ 3.103, 19.25 (1993). The regulations permit an extension to perfect a claim or challenge a decision for "good cause shown," and further state:

> Where an extension is requested after expiration of a time limit, the action required of the claimant or beneficiary must be taken concurrent with or prior to the filing of a request for extension of the time limit, and good cause must be shown as to why the required action could not have been taken during the original time period and could not have been taken sooner than it was. Denials of time limit extensions are separately appealable issues.

38 C.F.R. § 3.109(b) (1993).

For the reasons set forth below, the Court holds that the BVA's determinations (1) that the RO timely informed the appellant of its May 1980 decision; (2) that the appellant did not timely file an NOD as to that decision; (3) and that good cause to extend the time for filing an NOD was not shown, are not clearly erroneous.

 Here, the appellant admittedly did not file an NOD. However, the appellant contends that he never received the decision from the RO nor was advised of his appellate and procedural rights. The Board's January 1993 decision found that notice of the initial denial of the appellant's claim had been mailed on July 9, 1980, to the address provided by the appellant when he filed his original claim. R. at 7–8, 57. Because he did not file an NOD within one year after that date, the BVA found that the RO decision had become final. This Court has held that the law requires only that the VA mail a notice and then presumes the regularity of the administrative process "in the absence of clear evidence to the contrary." Ashley v. Derwinski, 2 Vet.App. 62, 64–65 (1992) (citing to United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926); see also I.N.S. v. Miranda, 459 U.S. 14, 18, 103 S.Ct. 281, 283, 74 L.Ed.2d 12 (1982); Morris v. Sullivan, 897 F.2d 553, 560 (D.C.Cir.1990). According to the appellant's brief, the address on the VA letter is the address at which Mr. Mindenhall resided in 1980 (Appellant's brief at 13). The appellant's statement of non-receipt, standing alone, is not the type of "clear evidence to the contrary" which is sufficient to rebut the presumption of regularity of the notice. Furthermore, the Court notes that the appellant originally applied for VA benefits in February 1980, VA mailed the denial in July 1980, and the appellant did not contact VA again until December 1990 (R. at 23, 31, 57, 60). The appellant's inability or incapacity to contact VA for a ten-year period following the 1980 application has not been shown. Therefore, the presumption of regularity of the administrative process "in the absence of clear evidence to the contrary" applies to the VA mailing of the RO decision in the same manner as it applies to the BVA mailing of the decision. Ashley, supra. The 1980 RO decision was not appealed and was, therefore, final.

## B. Entitlement to an Earlier Effective Date for Benefits

■ The Board determined that the appellant did not meet the requirements for an effective date for benefits earlier than December 3, 1990. The Court reviews the Board's factual findings under the "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *Stanton v. Brown,* 5 Vet.App. 563, 567 (1993); *Gilbert v. Derwinski,* 1 Vet. App. 49, 53 (1990). Under the "clearly erroneous" standard of review, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Gilbert,* 1 Vet.App. at 53. For the reasons stated below, we hold that the Board's findings are not clearly erroneous.

■ The effective date of an award for pension benefits is usually the date of the receipt of the application by VA. 38 U.S.C. § 5110(a). The regulations contain requirements for entitlement to a retroactive award which are contained in 38 C.F.R. § 3.400(b)(1)(ii)(B) (1993), and the appellant argues that retroactivity should be applied to his claim. However, the appellant did not meet the disability criteria outlined in this provision, which require that a veteran's claim for a retroactive award be filed within one year of the date that the disability became permanently and totally disabling, or that he have undergone extensive hospitalization that would have prevented the filing of a claim. Therefore, the BVA was correct in its determination that this provision is not applicable to the appellant.

## C. Clear and Unmistakable Error

■ On appeal, the appellant also argues that this Court must set aside prior RO and BVA decisions if it finds clear and unmistakable error in those decisions. Appellant's brief at 8. Without specifying the dates of the RO and BVA decisions, the appellant contends that the "BVA's original and supplemental [d]ecisions are clearly erroneous as the veteran was permanently and totally disabled for pension benefit purposes prior to the VARO's initial denial." *Id.* This Court has exclusive jurisdiction to review BVA decisions. 38 U.S.C. § 7252(a). Review of BVA decisions in this Court is limited to the "record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b). In reviewing a BVA decision finding no clear and unmistakable error in a prior RO adjudication, the Court's standard of review is limited to the review of the BVA decision for a determination as to whether that conclusion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and whether the Board provided an adequate statement of reasons or bases for its determination. *Russell v. Principi,* 3 Vet. App. 310, 314–15 (1992) (en banc) (quoting 38 U.S.C. § 7261(a)(3)(A)); *Smith v. Brown,* 35 F.3d 1516 (Fed.Cir.1994); *see* 38 U.S.C. § 7104(d)(1); *Gilbert,* 1 Vet.App. at 56–57. The United States Court of Appeals for the Federal Circuit recently held that this Court's authority to review CUE under 38 C.F.R. § 3.105(a) (1993) "relat[es] only to review of AOJ [agency of original jurisdiction] adjudicatory decisions and not to those of the Board." *Smith,* 35 F.3d at 1527. Therefore, under *Smith,* the appellant may aver CUE only with respect to the 1980 RO decision.

■ An appellant may not simply allege CUE on the basis that prior adjudications had improperly weighed and evaluated the evidence. *Fugo v. Brown,* 6 Vet.App. 40, 43– 44 (1993). A claim of CUE must be specific and not a mere broad allegation of a failure to follow the regulations, or the failure to give due process, or any other general, unspecific error. *Fugo,* 6 Vet.App. at 44; *Russell,* 3 Vet.App. at 310 (an appellant must assert "more than a disagreement" as to how the facts were weighed or evaluated). As to the 1980 RO decision, CUE was not pled in accordance with the Court's standard in *Fugo.* Because the appellant failed to set forth a CUE claim specifying the 1980 RO decision in his substantive appeal to the BVA, the BVA's conclusions and determinations were not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Russell, supra; see* 38 U.S.C. § 7261(a)(3)(A).

## III. CONCLUSION

For the reasons stated above, the January 19, 1993, decision of the BVA is AFFIRMED.