# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-231

ROSEMARY MCCULLOUGH, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and HOLDAWAY and GREENE, *Judges.*

O R D E R

The appellant, Rosemary McCullough, the widow of veteran James A. McCullough, appeals a November 1999 decision of the Board of Veterans' Appeals (Board of BVA) that denied, as not timely filed, a request for waiver of recovery of overpayment of improved death pension benefits. The appellant, through her daughter, filed an informal brief, and the Secretary filed a motion for both summary affirmance and to strike the extra-record material that the appellant submitted to this Court in the form of an attachment to her brief.

Section 7252(b) of title 38, U.S. Code, requires that this Court's review "be on the record of proceedings before the Secretary and the Board." *See Moore v. Derwinski*, 1 Vet.App. 401, 406 (1991). The Court is precluded by statute from considering any material that was not contained in the "record of proceedings before the [Secretary] and the Board." *Rogozinski v. Derwinski*, 1 Vet.App. 19, 20 (1990). Several of the documents submitted by the appellant predate the BVA decision, and thus could potentially be included in the record on appeal. However, it does not appear that any of the documents attached to her brief are relevant to the only issue on appeal (i.e., whether she filed a timely request for a waiver of indebtedness). Thus, those documents need not be considered because they are not relevant to the issue presented. Furthermore, the Court will strike those documents that postdate the BVA decision as being extra-record material submitted by the appellant.

The veteran served in the United States Marine Corps from June 1943 until February 1946, and died in August 1971. In September 1971, the appellant submitted a claim for death pension benefits, which was ultimately awarded. Apparently, the appellant began receiving Social Security Administration (SSA) benefits in December 1993, and, in October 1994, VA notified the appellant that her VA pension was being discontinued because her SSA benefits exceeded the maximum allowable annual income rates under her VA pension program. In November 1994, VA notified the appellant that she had received an overpayment of benefits in the amount of $4,796 and explained that she had a right to request a waiver of the repayment obligation so long as the request was received within 180 days from the date of the notification. The appellant did not submit her request for a waiver until April 1997. VA denied the request because it was not received within the 180-day

period required by both statute and regulation. At a hearing in March 1999, the appellant and her daughter both indicated that they did not recall receiving the notice sent by VA in 1994. The appellant's daughter also testified that she forwarded the appellant's mail to the appellant unopened, with the exception of one notice she opened in 1997, which prompted her to request a waiver on her mother's behalf. When the requested waiver was denied by VA, the appellant appealed to the Board.

In its November 5, 1999 decision, the Board found that VA had notified the appellant on November 6, 1994, of her overpayment and her right to request a waiver of the overpayment within 180 days; and that the appellant had filed a request for the waiver in April 1997, well after the prescribed 180-day period. The Board concluded that, because the appellant had not timely filed her request for waiver, her claim must be denied.

> Pursuant to 38 U.S.C. § 5302(a):
>
> There shall be no recovery of payments or overpayments . . . of any benefits under any of the laws administered by the Secretary whenever the Secretary determines that recovery would be against equity and good conscience, if an application for relief is made within 180 days from the date of notification of the indebtedness by the Secretary to the payee, or within such longer period as the Secretary determines is reasonable in a case in which the payee demonstrates to the satisfaction of the Secretary that such notification was not actually received by such payee within a reasonable period after such date.

*See also* 38 C.F.R. § 1.963 (b)(2)(2000) ("A request for waiver of an indebtedness . . . shall only be considered: . . . if made within 180 days following the date . . . a notice of indebtedness [was] issued . . . . The 180 day period may be extended if the individual requesting waiver demonstrated . . . that, as a result of an error by either the Department of Veterans Affairs or the postal authorities, or due to other circumstances beyond the debtor's control, there was a delay in such individual's receipt of the notification of indebtedness . . . ."). Waiver decisions, and the review of such decisions by the BVA, are subject to review by this Court to determine whether the statutory standard was applied in accordance with the regulatory guidance or whether the decision was made in an arbitrary or capricious manner. *See* 38 U.S.C. § 7261(a)(3)(A); *Cullen v. Brown*, 5 Vet.App. 510 (1993); *Smith (Barbara) v. Derwinski*, 1 Vet.App. 267 (1991). The scope of review under the "arbitrary and capricious" standard is narrow and does not permit the Court to substitute its judgment for that of the Board. *See Kaplan v. Brown*, 9 Vet.App. 116, 119 (1996). "If the Board articulates a satisfactory explanation for its decision, including a rational connection between the facts found and the choice made, the Court must affirm." *Jordan v. Brown*, 10 Vet.App. 171, 175 (1997); *see also Gilbert v. Derwinski*, 1 Vet.App. 49 (1990).

Both the statute and the regulation governing the waiver of indebtedness clearly require that an application for such waiver be received within 180 days from the date on which notice was sent to the payee. The only possible extension of that period requires both the Secretary's discretionary granting of an extension of time and a showing by the payee that there was a delay in the actual receipt of the notification of the indebtedness caused by some circumstances outside of her control;

for example, an error on the part of VA or the U.S. Postal Service. 38 U.S.C. § 5302(a); 38 C.F.R. §1.963(b)(2); *see also Bailey v. West*, 160 F.3d 1360 (Fed.Cir. 1998) (en banc). While the appellant indicated that she did not recall receiving the notice of indebtedness, "[t]here is a presumption of regularity under which it is presumed that government officials 'have properly discharged their official duties.'" *Ashley v. Derwinski*, 2 Vet.App. 307, 308-09 (1992) (citing *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)). Therefore, VA is presumed to have properly discharged its official duty to mail the appellant a notice as to her indebtedness. While "[t]he presumption of regularity is not absolute; [and] it may be rebutted by the submission of 'clear evidence to the contrary,'" *id.* at 309 (citing *Rosler v. Derwinski*, 1 Vet.App. 241, 242 (1991)); *see also YT v. Brown*, 9 Vet.App. 195 (1996), an appellant's assertion of nonreceipt of a notice is not sufficient to overcome the presumption of regularity that VA properly mailed such notice to her in the regular course of business. *See Mason (Sangernetta) v. Brown,* 8 Vet.App. 44, 55 (1995) ("appellant's statement of nonreceipt, standing alone, is not the type of 'clear evidence to the contrary' which is sufficient to rebut the presumption"); *Mindenhall v. Brown,* 7 Vet.App. 271, 274 (1994).

Here, the appellant indicated that she did not recall receiving the notice of indebtedness. She does not dispute that she filed the request well after the 180-day period expired, nor did she present "clear evidence to the contrary" to rebut the presumption that the notice was, in fact, properly mailed to her. While the Court is not unsympathetic to the circumstances surrounding the appellant's case, the fact remains that she has not demonstrated that the BVA committed either legal or factual error that would warrant reversal or remand. This Court, being a court of law, must affirm the BVA's decision. *See Gilbert, supra*.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to strike the extra-record materials submitted by the appellant as an attachment to her brief is granted to the extent that such material is not already of record. It is further

ORDERED that the Secretary's motion for summary affirmance is granted; the Board of Veterans' Appeals decision of November 5, 1999, is AFFIRMED.

DATED:   November 8, 2001                          PER CURIAM.