Citation Nr: 1702634 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 09-09 016 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Wichita, Kansas



THE ISSUE

Entitlement to a total disability evaluation based on individual unemployability due to service-connected disabilities (TDIU).



ATTORNEY FOR THE BOARD

P. Olson, Counsel



INTRODUCTION

The Veteran had active military service from May 1992 to March 1995.

This matter is before the Board of Veterans' Appeals (Board) following Board Remands in October 2010, December 2011, July 2013, and January 2013. This matter was originally on appeal from a July 2007 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Wichita, Kansas.

The claims file is now entirely in VA's secure electronic processing systems, Virtual VA and Veterans Benefits Management System (VBMS).


FINDING OF FACT

The Veteran failed, without good cause, to report for a scheduled VA examination in conjunction with his claim for a TDIU. Evidence previously on file did not establish entitlement to the benefit requested.


CONCLUSION OF LAW

The claim for entitlement to a TDIU is denied on the basis of failure to report for a VA medical examination. 38 U.S.C.A. § 501 (West 2014); 38 C.F.R. § 3.655 (b) (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

In October 2010, the Board remanded this case for a hearing before a Veterans Law Judge sitting at the local RO; and a hearing was scheduled for Friday, January 14, 2011. The Veteran was advised by letter dated December 3, 2010, that this hearing had been scheduled and provided the date, time, and location of the hearing. The Veteran was reminded by letter dated December 27, 2010, of the hearing's date, time, and location; however, he failed to report. On January 20, 2011, the Veteran advised that he had been unable to attend the hearing due to his having the flu.

In December 2011, the Board again remanded this case for a hearing before a Veterans Law Judge sitting at the local RO; and a hearing was scheduled for August 30, 2010. The Veteran was advised by letter dated July 19, 2012, that this hearing had been scheduled and provided the date, time, and location of the hearing. The Veteran was reminded by letter dated August 16, 2012, of the hearing's date, time, and location; however, he again failed to report. 

The Board remanded the case in January 2013 to provide the RO or Agency of Original Jurisdiction (AOJ) an opportunity to consider whether the Veteran was entitled to a TDIU. In April 2015, the AOJ denied the Veteran's claim for a TDIU, issued a Supplement Statement of the Case, and returned the case to the Board. 

Finally, the Board remanded the case in April 2016 to afford the Veteran a VA examination to determine if his service-connected disabilities precluded his ability to obtain and maintain employment. Evidence on file at that time did not establish entitlement to the benefit. A VA examination was scheduled, but the Veteran failed to report to that examination. No excuse was given for the absence, and the Board cannot conclude that there was good cause for the missed appointment. The AOJ issued a Supplemental Statement of the Case, and returned the case to the Board. Thus, the Veteran has been informed of his failure to report.

Based on the foregoing actions, the Board finds that there has been compliance with the Board's October 2010, December 2011, July 2013, and January 2013 remands. Stegall v. West, 11 Vet. App. 268 (1998).

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. There is no issue as to providing an appropriate application form or completeness of the application. VA notified the Veteran in October 2014 of the information and evidence needed to substantiate and complete a claim, to include notice of what part of that evidence is to be provided by the claimant, what part VA will attempt to obtain, and how disability ratings and effective dates are determined. 

VA fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate a claim, and as warranted by law, affording VA examinations. 

The Board concludes that VA has satisfied its duty to assist. No useful purpose would be served in remanding this matter for yet more development. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

Under 38 C.F.R. § 3.655 (a), when entitlement to a benefit cannot be established without a current VA examination or reexamination and a claimant, without good cause, fails to report for such examination or reexamination, action shall be taken in accordance with 38 C.F.R. § 3.655 (b) or (c) as appropriate. 38 C.F.R. § 3.655 (b) applies to original or reopened claims or claims for increase, and 38 C.F.R. § 3.655 (c) applies to running awards, when the issue is continuing entitlement. Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant, and death of an immediate family member. 38 C.F.R. § 3.655 (a). 
38 C.F.R. § 3.655 (b) provides, when a claimant fails to report for an examination scheduled in conjunction with a claim for increase or a reopened claim for a benefit which was previously disallowed, the claim shall be denied. 

The Veteran's claim for service connection for a TDIU is a claim for a higher disability evaluation; that is, it is not an original compensation claim, and the disposition of the claim is entirely dependent upon the severity levels of disabilities which have already been service connected. Therefore, the provisions of 38 C.F.R. § 3.655 (b) govern the issue and they dictate that the reopened claim and the claim for increase shall be denied if the Veteran fails to report for a scheduled examination. 

The Board concludes that the Veteran was properly notified of the scheduled examination. See Ashley v. Derwinski, 2 Vet. App. 307 (1992) (regarding the presumption of regularity that public officers have properly discharged their official duties in absence of clear evidence to the contrary); Mindenhall v. Brown, 7 Vet. App. 271 (1994) (regarding the applicability of the presumption of regularity to RO actions). Administrative records on file indicate that proper notice was provided. Moreover, he has been informed in the SSOC that he did not report, and has not indicated a willingness to do so.

As the Veteran failed to report for an examination scheduled for his claims and he has not shown good cause for failing to appear, denial of a TDIU based on the application of 38 C.F.R. § 3.655 (b) is warranted.


ORDER

Entitlement to a TDIU is denied.


____________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs