Citation Nr: 1744028 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 13-24 828 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for obstructive sleep apnea to include as secondary to PTSD.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Brandon A. Williams, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1971 to July 1974.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in January 2012 by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The Veteran testified during a hearing before the undersigned Veterans Law Judge in February 2016. A transcript of the hearing is of record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

After a review of the claims folder, the Board finds that a remand is necessary. 

In May 2016, the Board remanded the issue for further development. Specifically, the Board instructed the RO to schedule a VA medical examination for the issue on appeal. 

In a September 2016 VA 21-2507a, Request for Physical Examination, VA requested a medical examination in regard to the Veteran's sleep apnea claim. An October 2016 Compensation and Pension Exam Inquiry reflects the Veteran's scheduled medical examination was cancelled due to the Veteran failing to RSVP. Consequently, the RO issued a supplemental statement of the case (SSOC), continuing its denial of the claim; in doing so, noting the Veteran's failure to report to his scheduled VA examination. However, a review of the claims folder fails to reflect that the Veteran or his representative was provided notice of the schedule examination. Importantly, the claims folder reflects subsequent correspondence, to include a notice of a scheduled examination regarding unrelated claims, were sent to the Veteran, in which he, or his representative, responded to. 

There exists a presumption of regularity as to the mailing of documents by VA. A Veteran must rebut that presumption by clear evidence to the contrary. See Baldwin v. West, 13 Vet. App. 1, 6 (1999); Mindenhall v. Brown, 7 Vet. App. 271, 274 (1994). Here, the Board finds that the evidence fails to reflect the Veteran was provided notice of the examination. Thus, the Veteran must be afforded a new VA medical examination. See 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 3.655 (2016).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination with respect to his service connection claim for sleep apnea. The claims file, including a copy of this remand must be made available to the examiner for review. All indicated tests and studies should be accomplished and the findings then reported in detail. The examiner must record all pertinent medical complaints, symptoms and clinical findings in detail.

a. The examiner is requested to provide an opinion as to whether it is at least as likely as not (i.e., probability of 50 percent) that the Veteran's current obstructive sleep apnea-hypopnea syndrome had its onset during service or is otherwise related to service. 

The examiner should provide an explanation in support of his or her opinion. Further, the examiner is asked to discuss the Veteran's lay statements of continuous symptoms since active military service as part of his or her rationale. 

b. If the answer to (a) is negative, then whether it is at least as likely as not that the Veteran's obstructive sleep apnea-hypopnea syndrome was caused by or aggravated by his service-connected PTSD.

The examiner should provide an explanation for all conclusions reached. As part of his or her explanation, the examiner should discuss any pertinent articles, studies, or medical treaties.

2. Upon completion of the foregoing, readjudicate the Veteran's claim on appeal based on a review of the entire evidentiary record. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and the opportunity to respond thereto. Thereafter, subject to current appellate procedure, the case should be returned to the Board for further consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).