﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/19 Archive Date: 10/30/19

DOCKET NO. 190503-30046
DATE: October 30, 2019

ORDER

The Notice of Disagreement received on March 14, 2018 was untimely and the claim is denied.

FINDING OF FACT

The Veteran filed a notice of disagreement disagreeing with the denial of the claims for service connection for sleep apnea, left ear hearing loss, right ear hearing loss and sinusitis in March 2018, more than one month after he was mailed notice of the February 2017 rating decision.

CONCLUSION OF LAW

The Veteran has not filed a timely notice of disagreement in response to the February 2017 rating decision. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 20.201, 20.302 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the U.S. Army on active duty from August 1973 to August 1976. In May 2019, the Veteran appealed the March 2019 RO decision directly to the Board, electing the “direct review” process. Based on the Veteran’s choice to pursue a direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision” and no additionally submitted evidence may be considered.

Whether the Notice of Disagreement received on March 14, 2018 was received timely.

In a February 2017 rating decision, the RO denied service connection for right ear hearing loss, sinusitis, sleep apnea, and tinnitus. The same rating decision also granted service connection for left ear hearing loss issuing a noncompensable rating beginning September 30, 2016.

In March 2018, the Veteran filed a notice of disagreement as to the February 2017 rating decision. The Veteran contends that this was a timely filed notice of disagreement in response to the denial of the claims. Specifically, he argues that he did not receive the notification letter dated February 13, 2017 notifying him that a decision had been made as to the aforementioned claims. After review of the evidence, the Board finds that the Veteran has not filed a timely notice of disagreement in response to the March 2018 denial and grant of his claims, and the claims are not currently on appeal.

An appeal to the Board consists of a timely filed notice of disagreement in writing and, after a Statement of the Case has been furnished, a timely filed substantive appeal. 38 U.S.C. § 7105; 38 C.F.R. § 20.200. The notice of disagreement must be filed within one year after the date on which the RO mails notice of the determination being appealed. The date of mailing of the notification is presumed to be the same as the date of the letter. 38 C.F.R. § 20.302(a). 

 

The Veteran was mailed notice of the rating decision denying his claims of service connection on February 13, 2017. The notice letter also included information regarding his right to appeal. In March 2018, the Veteran filed a Notice of Disagreement (VA Form 21-0958) indicating he wished to appeal the February 2017 rating decision’s denial and evaluation rating of the claims identified above. The Veteran argues that he never received the February 13, 2017 notice letter but that he did receive a subsequent notice letter dated March 21, 2017 notifying him of a decision concerning other claims, not at issue here. The address on the February 13, 2017 and March 21, 2017 notice letters were exactly the same and is the address listed as the Veteran’s current address.

The United States Court of Appeals for Veterans Claims (Court) has held that “there is a presumption of regularity which holds that government officials are presumed to have properly discharged their official duties.” Ashley v. Derwinski, 2 Vet. App. 307, 308-09 (1992) (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15(1926)). The presumption of regularity with regard to the regular mailing of notice attaches if VA mails notice to the last address of record. See Mindenhall v. Brown, 7 Vet. App. 271, 274 (1994). The mere assertion of nonreceipt by an appellant is not enough to establish the clear evidence needed to overcome the presumption of regularity in the mailing of the decision. Davis v. Principi, 17 Vet. App. 29, 37 (2003).

The March 2018 correspondence from the Veteran is the first written communication expressing disagreement with the February 2017 denials and rating evaluation for service connection. It is a notice of disagreement under the provisions of 38 C.F.R. § 20.201; however, it was not received by VA within one year from February 13, 2017, the date the Veteran was mailed notice of the February 2017 rating decision denying the service connection claims of sleep apnea, tinnitus, right ear hearing loss, and sinusitis and rating evaluation for left ear hearing loss. It is, therefore, not timely under 38 C.F.R. § 20.302 and does not 

 

serve to initiate an appeal. Therefore, he has not filed a timely notice of disagreement with respect to the denial of service connection and rating evaluation in February 2017, and the claim before the Board must be denied. 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. N. Shannon, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.