﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 190918-31480
DATE: December 31, 2020

ORDER

1. Entitlement to restoration of S.L. as a dependent spouse of the Veteran for additional Department of Veterans Affairs (VA) dependency benefits is granted.

2. Entitlement to restoration of C.L. as a dependent child of the Veteran for additional VA dependency benefits prior to her 18th birthday on May [REDACTED], 2020, is granted.

3. The overpayment in the amount of $12,267.47 due to the removal of the Veteran’s spouse, S.L., and child, C.L., as dependents for purposes of additional VA dependency benefits was not properly created; the appeal is granted.

FINDINGS OF FACT

1. In a notification letter received by the Veteran in April 2018, the agency of original jurisdiction (AOJ) proposed to remove S.L. and C.L. from the Veteran’s award effective July 1, 2004; the Veteran was told that he could verify his dependents within 60 days.

2. In June 2018, the Veteran provided documents providing the date of marriage and place of the marriage to S.L, and birth date and place of birth of C.L., the full names and relationships to the Veteran, the social security numbers, and places of residence of S.L. and C.L.

3. In an August 2018 notification letter, the AOJ informed the Veteran that S.L. and C.L. were removed from his award effective September 1, 2018, because the Veteran did not confirm continued dependency; he was informed that if he did not respond within 90 days, his dependents would be removed effective from July 1, 2004, and that the AOJ might be able to reinstate benefits for S.L. and C.L. back to the earliest possible effective date if he submitted the requested dependent verification within one year from the date of the letter.

4. In a June 3, 2019, notification letter, the AOJ informed the Veteran that S.L. and C.L. were removed from the award effective July 1, 2004, because the Veteran did not confirm continued dependency; he was told that the AOJ might be able to reinstate benefits for his dependents back to the earliest possible effective date if he submitted the requested dependent verification within a year from the date of the letter.

5. In a letter dated June 14, 2019, the Debt Management Center (DMC) informed the Veteran that he had been overpaid for VA dependency benefits in the amount of $12,267.47. This letter informed the Veteran that he had a right to dispute the debt and request a waiver of the debt by contacting the DMC. 

CONCLUSIONS OF LAW

1. The criteria for restoration of S.L. as a dependent spouse for the purpose of additional dependency compensation have been met. 38 U.S.C. §§ 101(4)(A), 5107, 5124; 38 C.F.R. §§ 3.57, 3.204, 3.210(b).

2. The criteria for restoration of C.L. as the Veteran’s “child” for the purpose of additional dependency compensation have been met prior to her 18th birthday on May [REDACTED], 2020. 38 U.S.C. §§ 101(4)(A), 5107, 5124; 38 C.F.R. §§ 3.57, 3.204, 3.210(b).

3. The overpayment from the removal of S.L. and C.L. as dependents for purposes of additional VA compensation benefits was not properly created and the debt in the amount of $12,267.47 is invalid. 38 U.S.C. § 5112; 38 C.F.R. §§ 1.911, 3.401, 3.500, 3.501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1985 to May 2004.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from June 2019 notification letters by the VA Regional Office (RO) and the DMC.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The implementation date for AMA was February 19, 2019.

In September 2019, the Veteran timely appealed the June 2019 notification letters to the Board (VA Form 10182) and requested an evidence submission appeal. The Board may consider evidence through the date of the June 2019 notification letter, as well as any evidence received during the 90-day period following submission of the September 2019 selection form. 38 U.S.C. §§ 7105, 7107, 7113 and 38 C.F.R. §§ 20.301, 20.302, 20.303. 

In November 2019, the Veteran filed a motion to Advance on the Docket (AOD) his appeal due to his reassignment to Germany later that month for the next three years for his employment as a defense contractor. He provided a new Army Post Office address and provided a copy of his Request/Authorization Department of Defense (DOD) Civilian Permanent Duty or Temporary Change of Station (TCS) Travel form. Appeals must be considered in docket number order, but may be advanced if sufficient cause is shown. See 38 U.S.C. § 7107(a)(2); 38 C.F.R. § 20.900(c). Sufficient cause includes advanced age (defined as 75 years or more), serious illness, severe financial hardship, or administrative error resulting in a significant delay. An appeal may also be advanced if the case involves interpretation of a question of law of widespread application affecting other claims, although this is extremely rare. Any motion for advancement should be supported by pertinent documentation. 

The Board has considered the Veteran’s AOD but unfortunately finds that the Veteran has not submitted sufficient evidence to demonstrate the necessity of an AOD due to any of the reasons listed above and the motion for AOD is denied. Here, the Veteran has already moved to Germany in November 2019 and has provided an updated address and thus sufficient cause to AOD is not shown.

The Board notes that the Veteran indicated in the June 2018 statement that his daughter, A.I.L., is 21 years old and attends college. In the September 2019 NOD and statement, the Veteran appears to contend that he should receive dependency compensation benefits for A.I.L. on the basis of her college attendance until May 2019. However, as the June 2019 notification letters do not address the dependency status of A.I.L., this issue is not part of the current appeal. Given that a specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA, the Board encourages the Veteran to file the appropriate form for this claim. See 38 U.S.C. § 5101(a); 38 C.F.R. §§ 3.151(a), 3.155.

1. Restoration of S.L. and C.L. as dependents for additional VA compensation

An award of additional compensation on account of dependents based on the establishment of a disability rating in the percentage evaluation specified by law for the purpose shall be payable from the effective date of such rating; but only if proof of dependents is received within one year from the date of notification of such rating action. 38 U.S.C. § 5110(f); 38 C.F.R. § 3.401(b)(3). 

The effective date for additional compensation for a dependent spouse will be the latest of the following dates: 1) the date of the marriage, if the claim is received within one year of the marriage; 2) the date notice is received of the dependent spouse’s existence; 3) the date dependency arises; 4) the effective date of a qualifying disability rating provided evidence of dependency is received within one year of notification of such action; or 5) the date of commencement of a veteran’s award. 38 U.S.C. § 5110(f); 38 C.F.R. § 3.401(b). The earliest that the additional award of compensation for a dependent spouse may be paid to the Veteran is the first day of the month following the effective date. 38 C.F.R. § 3.31.

The law provides for the rates of disability compensation, and for payment of additional compensation for dependents of veterans who are at least 30 percent disabled. 38 U.S.C. §§ 1114(c), 1115, 1134, 1135. The Veteran was, at all times relevant to these issues and the period of time in question, rated appropriately to receive additional compensation for a spouse and child dependents.

In a March 2004 Application for Compensation and/or Pension, the Veteran listed his biological children as his dependents, A.L.L. (born on June [], 1984), J.L. (born on September [], 1987), K.L. (born on September [], 1994), A.I.L (born on August [], 1996), and C.L. (born on May [], 2002). They were all born in West Germany. He indicated that his spouse, S.L.’s, date of birth was August [], 1965, and he married her on February [], 1984, in West Germany. He provided his dependents’ social security numbers and indicated that they reside with him in Fort Gordon, Georgia. C.L. turned 18 in May 2002. 

A June 2004 notification letter and a June 2004 VA 21-8947 Compensation and Pension Award Sheet reflects the Veteran was in receipt of additional dependency benefits for his spouse and his children, to include C.L. 

In a June 2005 notification letter, the RO informed the Veteran that he should inform VA of any changes in the status of his dependents and that payments for A.L.L. would continue based on school attendance until June 1, 2006. 

An October 2016 notification letter indicated that a form asking about his dependents was sent to the Veteran and that a response was not received. Therefore, the RO informed the Veteran that it proposed to reduce his compensation payments from July 1, 2004. The Veteran was instructed to complete and return the enclosed VA Form 21-686c, Declaration of Status of Dependents form, within 60 days to prevent the reduction of his payments. The RO further indicated that June 1, 2004, was the last time VA was informed of the status of his dependents. He was also informed that the retroactive removal of his dependents may result in an overpayment. This letter was returned by the United States Postal Service (USPS) as undeliverable and unable to be forwarded.

In May 2017, the RO resent the October 2016 notification letter to a new address, which was also returned by the USPS as undeliverable and unable to be forwarded. 

In April 2018, the RO resent the October 2016 notification letter to the correct address.

In June 2018, the Veteran submitted a statement, in which he indicated that it was the first time that he became aware of the October 2016 correspondence from VA. He resubmitted a copy of the March 2004 application for VA disability benefits. He indicated that all his dependents remained the same, except for his three older children who are now adults. He indicated that C.L. is 16 years old and A.I.L. is 21 years old and in college, and that both reside with him and his wife. He further stated that the retroactive reduction of his dependency benefits would have significant tax consequences. 

An August 2018 notification letter was sent to the Veteran informing him that his dependent spouse and his minor child, C.L., was removed as his dependents effective September 1, 2018, and that if he did not provide verification within 90 days, his dependents would be removed as of July 1, 2004 (the first of the month following the date he was initially awarded benefits for his dependents). It further informed him that VA may be able to reinstate benefits for his dependent(s) back to the earliest possible effective date if he submits the requested dependent verification within a year from the date of the letter. 

In a March 2019 notification letter, the RO informed the Veteran that periodically, he is required to verify his dependents status and submit information on the prescribed VA form. The RO indicated that the original 2004 application did not meet the requirements for verifying his dependents. It further explained that a notification letter was sent in August 2018 and that he had 90 days to respond or his dependents would be removed as of July 1, 2004, which could potentially cause him a debt. The Veteran was instructed to complete and return the enclosed VA Form 21-686c, Declaration of Status of Dependents form, within 60 days or his dependents, S.L. and C.L., will be removed as dependents for compensation purposes, effective July 1, 2004.

In a June 3, 2019, notification letter, the RO informed the Veteran that his child, C.L., and his spouse, S.L., were removed as his dependents due to his failure to confirm their dependency information. It further indicated that his benefits may be reinstated for his dependents back to the earliest possible effective date if he submits the requested dependent verification within one year from the date of the letter. A VA Form 21-686c Application Request to Add and/or Remove Dependents was enclosed.

A June 14, 2019, VA DMC letter indicates that the Veteran was overpaid in the amount of $12,267.47. This letter informed the Veteran that he had a right to dispute the debt and request a waiver of the debt by contacting the DMC.

In the September 2019 NOD and statement, the Veteran indicated that the June 2019 decisions were in contradiction to his status as a Veteran with two dependents and in direct contradiction to the information provided to VA 18 months ago. He attached copies of the June 3, 2019, and June 14, 2019, letters. He, again, indicated that his number of dependents had decreased from six to three dependents, as his older three children are adults and no longer live in his home. He contended that VA is aware of when his children would “age out” as his dependents. He essentially indicated that he previously informed VA that his wife and C.L. are his dependents and reside with him. He further stated that the overpayment is incorrect given that his payments come directly from his active duty retirement in the form of a VA waiver. He submitted a retiree account statement that reflects a VA waiver in the amount of $428 is deducted from his gross pay. He contends that it is not his responsibility to coordinate what the correct payments should be between the Department of Defense and VA. He also contended that the overpayment should be corrected. He indicated that he did not receive the March 2019 notification letter due to his extensive overseas travel and he recently received the June 14, 2019, letter from the DMC.

With regard to the Veteran’s argument that an overpayment is impossible given that his VA compensation payment has been accounted for from his retirement account in the form of a VA waiver, the Board notes that the Veteran receives a VA disability offset (waiver) of his DOD retirement pay to receive a larger portion of his retirement payment as non-taxable, given that VA disability payments are non-taxable. This offset amount is unrelated to the creation of the overpayment. 

For purposes of determining entitlement to VA benefits, VA will accept the statement of a claimant as proof of marriage, dissolution of a marriage, birth of a child, or death of a dependent, provided that the statement contains: the date (month and year) and place of the event, the full name and relationship of the other person to the claimant, and the social security number of the other person. 38 U.S.C. § 5124; 38 C.F.R. § 3.204. Regardless of the regulation governing effective dates of awards, payment of monetary benefits based on compensation begins the first day of the month following the effective date. 38 C.F.R. § 3.31.

Under VA law, individuals receiving benefits are required to recertify that “any or all of the eligibility factors which established entitlement to the benefit being paid continue to exist” and that they must do so within 60 days or else a reduction or termination of benefits may occur. See 38 C.F.R. § 3.652(a). After recertification is not received, a reduction should be proposed, which provides another 60 days to submit the required information or certification and avoid the proposed reduction going into effect. Thus, the provisions of 38 C.F.R. § 3.652 contemplate a minimum of 120 days before benefits may be reduced, and once the required certification is received, benefits will be adjusted in accordance with the facts found.

The facts in this appeal as it relates to the Veteran’s spouse, S.L., and his daughter, C.L., are not in dispute. In the March 2004 application for benefits, which was resubmitted in June 2018, the Veteran provided his spouse’s full name, date of birth (D.O.B.), social security number, date of marriage to his spouse, and where the marriage took place. Regarding his dependent child, C.L., he indicated she was his biological daughter and provided her full name, D.O.B., the place of birth, and social security number. He also indicated that all his dependents live with him. 

Although the Veteran did not submit a completed VA Form 21-686c, the Veteran provided the required information pursuant to 38 C.F.R. § 3.204 in his initial March 2004 application for disability benefits, and again in June 2018, which was within 120 days after his receipt of the October 2016 notification letter in April 2018. In this regard, the Veteran had not received proper notice to verify his dependents and the proposed action to reduce his compensation payments until April 2018, as the initial October 2016 notification letter and May 2017 letter were returned as undeliverable by the USPS. Cf. Boyd v. McDonald, 27 Vet. App. 63, 71-72 (2014) (holding that, under the presumption of regularity, if notice is sent to the claimant’s last known address of record, it will be presumed that VA properly discharged its official duties). See also Mindenhall v. Brown, 7 Vet. App. 271 (1994). The Veteran responded in July 2018, within 120 days of the April 2018 notification letter as required under 38 C.F.R. § 3.652. 

Thus, the Board finds that the criteria for restoration of S.L. as a dependent spouse and C.L. as a dependent child prior to her 18th birthday in May 2020, for the purpose of additional VA dependency compensation have been met.

2. Overpayment

An overpayment is created when VA determines that a beneficiary or payee has received monetary benefits to which he or she is not entitled. See 38 U.S.C. § 5302; 38 C.F.R. § 1.962. An overpayment may arise from virtually any benefits program administered pursuant to VA law, including pension, compensation, dependency and indemnity compensation, educational assistance benefits and subsistence allowance, insurance benefits, burial and plot allowances, clothing allowance, and automobile or other conveyance and adaptive equipment allowances. See 38 C.F.R. § 1.956(a).

In order for the Board to determine whether the overpayment was created properly, it must be established that the Veteran was not entitled legally to the benefits in question, and if there was no legal entitlement, it must then be shown that VA was not solely responsible for the Veteran being paid benefits erroneously. If the debt was the result solely of administrative error, the effective date of the reduction of benefits would be the date of the last payment based on this error, and consequently there would be no overpayment charged to the veteran for the portion of the overpayment attributable to administrative error. 38 U.S.C. § 5112(b)(10); 38 C.F.R. §§ 3.500(b)(2).

Administrative errors include all administrative decisions of entitlement, whether based upon mistake of fact, misunderstanding of controlling regulations or instructions, or misapplication of law. VAOPGCPREC 2-90 (Mar. 20, 1990). Sole administrative error, however, may be found to occur only in cases where the Veteran neither had knowledge of, nor should have been aware of, the erroneous award. Further, such error contemplates that neither the Veteran’s actions nor his/her failure to act contributed to payment pursuant to an erroneous award. 38 U.S.C. § 5112(b)(10); 38 C.F.R. § 3.500(b)(2); see Jordan v. Brown, 10 Vet. App. 171 (1997) (finding that sole administrative error is not present if the payee knew, or should have known, that the payments were erroneous).

Here, the Veteran is legally entitled to additional dependency benefits for his dependents, S.L. and C.L., prior to her 18th birthday in May 2002, and the overpayment in this case was created solely as a result of VA administrative error, and therefore, the debt was improperly created. As explained in detail above, the Veteran informed the RO of all necessary information regarding his dependents in the requisite time period. Despite this, the RO removed S.L and C.L. as his dependents. Specifically, in June 2018, the Veteran provided information regarding the status of his dependents within 120 days in response to the October 2016 notification letter that the Veteran received in April 2018, and demonstrates the Veteran was eligible for dependency benefits for his dependent spouse, S.L., and dependent child, C.L., prior to her 18th birthday in May 2002. Thus, the Board finds that the creation of the overpayment debt was not proper. See 38 C.F.R. § 3.652. 

In view of the foregoing, the Board must find that the overpayment at issue in this case is an invalid debt. 38 U.S.C. § 5112(b)(10); 38 C.F.R. § 3.500(b)(2).

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Sarah Campbell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.