Citation Nr: 1755118 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 07-29 069 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU) from May 1, 2006.

REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

B. Bodi, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1994 to April 1998. 

This matter is before the Board of Veterans Appeals (Board) on appeal from a February 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. In February 2006, the RO terminated entitlement to a TDIU effective May 1, 2006.

In Rice v. Shinseki, 22 Vet. App. 447 (2009), the Court held that a claim for total disability rating for compensation based on individual unemployability (TDIU) is part of an increased rating claim when such claim is expressly raised by the Veteran or reasonably raised by the record. The Court further held that when evidence of unemployability is submitted at the same time that the Veteran is appealing the initial rating assigned for a disability, the claim for TDIU will be considered part and parcel of the claim for benefits for the underlying disability. Id. In its August 2012 Memorandum Decision, the United States Court of Appeals for Veterans Claims (Court) found that a TDIU claim was reasonably raised by the record. 

In April 2013, the Board remanded the issue of entitlement to a TDIU for further development. The remand required the RO to take appropriate steps to request any outstanding VA treatment records and to afford the Veteran an examination to determine the effect of his service-connected disabilities on his employability. In compliance with the remand directives, two development letters were sent to the Veteran, and he was given VA examinations of his various other disabilities. The Veteran's VA treatment records from the Audie L. Murphy Memorial VA Medical Center (VAMC) were also obtained. There has been substantial compliance with the remand directives, and the matter is again before the Board. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Stegall v. West, 11 Vet. App. 268, 271 (1998).


FINDINGS OF FACT

1. The Veteran failed, without good cause, to complete required VA development in conjunction with his claim for a TDIU. Evidence previously associated with the claims file did not establish entitlement to the benefit requested.

2. The Veteran is currently employed as an accountant, with the ability to work from home. He has been able to maintain substantially gainful employment since at least February 1, 2005.

3. The Veteran's service connected disabilities; anxiety disorder with major depressive disorder, plantar fasciitis of the right foot, extensor hood damage with mallet finger index finger, right lower extremity compartment syndrome, tinnitus, scar on the right lower leg, right lower extremity radiculopathy, and status post spinal anesthesia lumbar spinous process; do not preclude him from securing or following substantially gainful employment. 


CONCLUSION OF LAW

The criteria for a TDIU are not met as he is working and has demonstrated education and capacity for substantially gainful employment. 38 U.S.C. § 1155; 
38 C.F.R. §§ 3.340, 3.341, 4.16 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

VA has met all statutory and regulatory notice and duty to assist provisions with respect to the Veteran's claims. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2017).

Additionally, the Veteran has not raised any issues with the duty to notify or duty to assist. See Scott v McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to duty to assist argument).

The Board finds the duties to notify and assist have been met, all due process concerns have been satisfied, and the appeal may be considered on the merits.

II. TDIU Law and Regulations

In order to establish entitlement to TDIU due to service-connected disabilities, there must be impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. See 38 U.S.C. § 1155; 38 C.F.R. 
§§ 3.340, 3.341, 4.16. In reaching such a determination, the central inquiry is "whether the veteran's service connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529
(1993). 

Consideration may be given to the veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or to the impairment caused by non service-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19 (2006); Van Hoose v. Brown, 4 Vet. App. 361 (1993).

Total disability ratings for compensation may be assigned, in circumstances where the scheduler rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more with sufficient additional disability to bring the combined rating to 70 percent or more. See 38 C.F.R. § 4.16 (a).

In a related provision, 38 C.F.R. § 4.16 (b) allows for a Veteran who does not meet the threshold requirements for the assignment of a total rating based on individual unemployability, but who is otherwise deemed by the Director of Compensation & Pension Services to be unable to secure and follow a substantially gainful occupation by reason of a service-connected disability or disabilities, to be rated totally disabled.

Separate evaluations may be assigned for separate periods of time based on the facts found. In other words, the evaluations may be staged. Staged ratings are appropriate for any rating claim when the factual findings show distinct time periods during the appeal period where the service-connected disability exhibits symptoms that would warrant different ratings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). Here, the disability has not significantly changed, and a uniform evaluation is warranted.

The term "unemployability," as used in VA regulations governing total disability ratings, is synonymous with an inability to secure and follow a substantially gainful occupation. The issue is whether the Veteran's service-connected disabilities preclude him from engaging in substantially gainful employment (i.e., work which is more than marginal, that permits the individual to earn a "living wage"). See Moore v. Derwinski, 1 Vet. App. 356 (1991). 

The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993). 

In the present case, service connection has been granted for anxiety disorder with major depressive disorder, plantar fasciitis of the right foot, extensor hood damage with mallet finger index finger, right lower extremity compartment syndrome, tinnitus, scar on the right lower leg, right lower extremity radiculopathy, and status post spinal anesthesia lumbar spinous process. The combined rating from November 10, 2005 is 80 percent, and 90 percent from October 2, 2008. TDIU was granted from June 1, 2002 to May 1, 2006. 

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C.A. § 1154 (a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 
 
The ultimate issue of whether TDIU should be awarded is not a medical issue, but is a determination for the adjudicator. 


III. History

By way of background, a TDIU had been granted from June 1, 2002. An August 2005 email from VA indicates that the Veteran completed his Vocational Rehabilitation Program, and has been employed full time as an assistant controller earning $2,500 per month, plus benefits, since February 1, 2005.

An October 2005 Rating Decision proposed to discontinue the Veteran's TDIU because he was found to be able to secure and follow substantially gainful employment.

A December 2005 psychiatric examination report indicates that the Veteran had problems with employment due to stress and had to take time off work as a result, although he had a "fair" relationship with his supervisors and coworkers. 

In February 2006, the RO denied the Veteran's request for an increased rating for his anxiety disorder with major depressive disorder, and found that the Veteran had been full employed since February 2005. Therefore, it terminated entitlement to a TDIU effective May 1, 2006. 

The Veteran filed a Notice of Disagreement (NOD) dated April 2006 which characterized the issues he wished to appeal as an increased rating for his back and for his PTSD but did not express disagreement with the termination of a TDIU.

However, an October 2008 VA examination report notes that the Veteran worked as an accountant and "usually avoids people if anger and irritability and other problems cause him difficulties with others . . . His work history is not that good even though he [is currently employed]." The examiner noted that the Veteran was able to work but often times the work is best with numbers and not with people. The VA examiner commented that "[t]he fairest thing to say is that the [Veteran's] symptoms result in deficiencies in most of the major areas. In work he is managing but has had to change jobs often . . . [s]ocially he is extremely limited to the point of being isolative." 

In January 2009, the RO in part granted an increased rating from 50 to 70 percent for anxiety disorder with major depression and an increased combined rating from 80 to 90 percent, effective October 2, 2008. 

In March 2011, the Board addressed ratings for anxiety disorder and major depression and for a lumbar spine disability but did not address a TDIU. 

In its August 2012 Memorandum Decision, the United States Court of Appeals for Veterans Claims (Court) found that a TDIU claim was reasonably raised by the record. See Rice v. Shinseki, 22 Vet. App. at 447 (to the effect that a TDIU claim is part of an increased rating claim when such claim is raised by the record). See also Comer v. Peake, 552 F. 3d 1362, 1367 (Fed. Cir 2009) (holding that a request for a TDIU "is implicitly raised whenever...a veteran who presents cogent evidence of unemployability, seeks to obtain a higher disability rating"); Robinson v. Peake, 21 Vet. App. 545, 552-56 (2008), aff'd sub nom. Robinson v. Shinseki, 557 F.3d 1355 (Fed. Cir 2009) (holding that the Board is obligated to consider arguments or issues raised by the record). The Court found that the October 2008 VA examination report was "at least evidence that [the Veteran's] service-connected mental conditions have had negative effects on his employment." The Court affirmed the remainder of the Board's decision. 

Further, in a January 2013 written statement, the Veteran reported that he "had several other jobs since this all started [and] they were all for a very limited time frame." At the "most recent, Kinetic Concepts, Inc., [he] was employed for a year and a half." The Veteran said that he "can't work near as much and [got] paid far less than [his peers] and this has been constant since leaving the military."

In part, the April 2013 Board remand directives required VA to "Notify the Veteran that he must report for the examination and cooperate in the development of the claim. Failure to report for a VA examination without good cause may result in denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2017)."

VA underwent appropriate development to specifically determine whether he is unable to secure or maintain substantially gainful employment as a result of his service-connected disabilities. On April 19, 2016, and again on December 9, 2016, VA wrote and asked that the Veteran send a completed VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability. VA never received a complete VA Form 21-8940. This form is required to fully substantiate the Veteran's claim, including to determine his employment history.

The Veteran was afforded an August 2016 VA psychiatric examination. The Veteran reported that he was then currently working as an accountant. The VA examiner opined that "In work he is managing but has had to change jobs often." He previously worked in IT. He has managed by working from home most of the time. He was found to be isolative; however he had held a job for as long as three years.

IV. Analysis

On April 19, 2016, and again on December 9, 2016, VA wrote and asked that the Veteran send a completed VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability. In July 2017, the Veteran was provided an SSOC indicating this TDIU claim would be denied. It detailed his failure to provide the necessary employment information. In an October 2017 brief to the Board, the Veteran's representative requested copies of the Veteran's TDIU application forms, but none were received from the Veteran in the first instance. Therefore, neither the Veteran nor his representative has complied with VA's request for current employment information. 

The Board concludes that the Veteran was properly notified of the scheduled additional development. See Ashley v. Derwinski, 2 Vet. App. 307 (1992) (regarding the presumption of regularity that public officers have properly discharged their official duties in absence of clear evidence to the contrary); Mindenhall v. Brown, 7 Vet. App. 271 (1994) (regarding the applicability of the presumption of regularity to RO actions). Administrative records on file indicate that proper notice was provided. Moreover, he has been informed in the SSOC that he did not report, and has not indicated a willingness to do so. 

An August 2016 VA psychiatric examination indicates that the Veteran has previously held a job for as long as three years. He is currently working as an accountant. He was isolative, but was able to work from home with his current position. The VA examination indicates that although he does not work well with other people, he is able to work with numbers. He previously worked in information technology. While the Veteran indicates he believes that he "can't work near as much and [got] paid far less than [his peers] and this has been constant since leaving the military," there is no probative evidence submitted by the Veteran to indicate that he is unable to maintain substantially gainful employment. On appeal to the Court, the Veteran contended that his current occupation is in a protected environment because he chooses positions that permit working from home. The Board finds that this is not a protected environment as many occupations permit working from home. As an accountant, his work in an office would also likely to be relatively solitary that is consistent with the manifestations of his mental health disorder involving difficulty with socialization. It is capacity for employment, not whether he has found such employment is the dispositive issue. His position from February 1, 2005 was full time and paid him $2,500 plus benefits. 

In August 2016, the Veteran underwent additional VA examinations for his orthopedic and hearing disabilities. None of the results suggested that the Veteran's mobility, dexterity, or hearing acuity were of sufficient severity as to prevent leaving the home, driving an automobile, or accomplishing the mobility and keyboard skills necessary to pursue his accounting profession. 


Although the increased rating for mental health and the increased combined rating recognize a significant level of disability, the Veteran's education and skilled experience demonstrate the capacity for substantially gainful work. The Board therefore finds that the evidence currently of record does not separately raise the issue anew of whether the Veteran is unable to secure or maintain substantially gainful employment. Rice v. Shinseki, 22 Vet. App. 447 (2009).

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

In reaching this conclusion, the Board finds that the preponderance of the evidence is against this claim. As such, the benefit of the doubt rule is not for application, and the claim must be denied. 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

Entitlement to total disability rating based on individual unemployability from May 1, 2006 is denied.




____________________________________________
J. W. FRANCIS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs